■ BRUCE STUART et al., Appellants, v WMHT EDUCATIONAL TELECOMMUNICATIONS, INC., et al., Respondents, et al., Defendant. [599 NYS2d 698] —Mercure, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered August 17, 1992 in Albany County, which, *inter alia,* granted a motion by defendant WMHT Educational Telecommunications, Inc. for a protective order, (2) from an order of said court, entered September 25, 1992 in Albany County, which, *inter alia,* granted defendant Thomas Merklinger's motion for an order requiring plaintiffs to serve a further bill of particulars, and (3) from an order of said court, entered October 2, 1992 in Albany County, which, *inter alia,* upon reargument, granted defendant Stephen Honeybill's motion to dismiss the complaint against him.

Plaintiffs entered into a May 20, 1991 contract with defen-

dant WMHT Educational Telecommunications, Inc. for the joint production of a six-part television series entitled "Bruce Stuart and Kim Stuart's College 101", intended to air in the fall of 1992 on public television stations throughout the nation. However, as the result of concerns expressed by plaintiffs and a claimed inability to obtain funding for the project, on February 28, 1992 WMHT gave plaintiffs written notice that it was "returning the entire project to [plaintiffs] without further right or obligation on its part". Alleging, among other things, actions intended to "squeeze out" plaintiffs and obtain exclusive possession of the project, plaintiffs commenced this lawsuit against WMHT, defendant William Haley, Jr., WMHT's president and general manager, defendant Thomas Merklinger, WMHT's director of television operations, and defendant Stephen Honeybill, employed by WMHT as a producer and director, alleging causes of action in contract, fraud, breach of fiduciary duty, and intentional and reckless infliction of emotional distress. Plaintiffs appeal Supreme Court's dismissal of the complaint against Honeybill for failure to state a cause of action against him and orders granting defendants and denying plaintiffs various relief on motions relative to service of bills of particulars and discovery and inspection.

Initially, we concur in Supreme Court's conclusion that plaintiffs would not be entitled to recover against Honeybill under any reasonable view of the facts alleged in the complaint *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936; *Giannelli v St. Vincent's Hosp. & Med. Ctr.,* 160 AD2d 227, 231) and, accordingly, affirm the October 2, 1992 order dismissing the complaint against him. Viewed in the best possible light, the complaint alleges nothing more than the fraudulent inducement and subsequent breach of plaintiffs' contract with WMHT; notably, none of Honeybill's alleged acts were performed other than in his capacity as an employee of WMHT and in connection with WMHT's contractual relationship with plaintiffs *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913; *McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233; *Quail Ridge Assocs. v Chemical Bank, supra).* Further, none of the allegations make out the kind of outrageous conduct required for a cause of action for intentional infliction of emotional distress *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303).

We are also in essential agreement with Supreme Court's September 25, 1992 order granting the motions of WMHT and Merklinger to vacate plaintiffs' notice for discovery and in-

spection, granting Merklinger's motion to compel service of a further bill of particulars, and denying plaintiffs' cross motion to preclude Merklinger from giving evidence at trial of the items of which particulars were not delivered. In view of the deference to be given a trial court's exercise of discretion in supervising discovery and inspection *(see, Hirschfeld v Hirschfeld,* 69 NY2d 842, 844), we find no reason to disturb Supreme Court's finding that plaintiffs' notice was overbroad and burdensome and that Merklinger's demand for a further bill of particulars, not the subject of a timely motion to vacate, was by no means "palpably improper" *(State of New York v General Elec. Co.,* 173 AD2d 939, 941). However, in view of Merklinger's consent to a 30-day conditional order of preclusion, Supreme Court erred in denying plaintiffs' cross motion in its entirety. Similarly, although upon proper demand Supreme Court would have been justified in vacating plaintiffs' entire notice for a bill of particulars, WMHT moved to vacate only certain specified demands. The order entered August 17, 1992 must be modified accordingly.

Plaintiffs' other arguments have been considered and rejected.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order entered October 2, 1992 is affirmed, with costs to defendant Stephen Honeybill. Ordered that the order entered September 25, 1992 is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' cross motion to preclude defendant Thomas Merklinger from giving evidence at trial of the items of which particulars were not delivered; cross motion granted to the extent that plaintiffs are granted a 30-day order of preclusion against said defendant; and, as so modified, affirmed. Ordered that the order entered August 17, 1992 is modified, on the law, without costs, by reversing so much thereof as vacated the demands of plaintiffs' May 14, 1992 notice for a bill of particulars numbered 2, 4, 5, 20, 21, 23 (a) and 24, and, as so modified, affirmed.