■ MICHAEL WINICKI et al., Appellants, v CITY OF OLEAN et al., Respondents. [611 NYS2d 379] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs are retired fire fighters of the City of Olean or, in the case of one plaintiff, the widow of a retired fire fighter. Defendants are the City, the fire fighters union, and three individuals sued in their capacity as trustees of the Olean Fire Retirees Health Insurance Fund (Fund). This action arises out of an agreement between the City and the union, as part of collective bargaining negotiations, to abolish the Fund, which had been established by prior agreement between those parties, to distribute its remaining assets, and to terminate plaintiffs' right to receive health insurance benefits. Plaintiffs' action sounds in breach of contract and tort and seeks injunctive and monetary relief.

On appeal from an order of Supreme Court that denied plaintiffs' motion for summary judgment and granted defendants' cross motions for summary judgment dismissing the complaint in its entirety, plaintiffs contend that the City is contractually obligated to provide them with lifetime health insurance benefits; that the union tortiously interfered with plaintiffs' contract rights; that defendants breached their fiduciary duty to plaintiffs by distributing Fund assets to nonretirees; that plaintiffs' second and fourth causes of action alleging promissory estoppel and intentional infliction of emotional harm should not have been dismissed; and that plaintiffs are entitled to summary judgment awarding them compensatory and punitive damages as well as attorney's fees.

The terms of the Fund Agreement do not provide plaintiffs

with lifetime health insurance benefits, and thus plaintiffs' claim for breach of contract against the City was properly dismissed. The provisions of the Fund Agreement unequivocally provide that the parties reserved the right to amend or terminate the agreement and change or eliminate the Fund by mutual consent at any time. In light of those clear provisions, plaintiffs are unable to make the necessary showing that the contract endowed them with a vested right to receive health insurance benefits in perpetuity *(see, Howe v Varity Corp.,* 896 F2d 1107, 1109-1110; *Anderson v Alpha Portland Indus.,* 836 F2d 1512, 1516-1519, *cert denied sub nom. Anderson v Slattery Group,* 489 US 1051; *Turner v Local Union No. 302,* 604 F2d 1219, 1225; *see also, Matter of Lippman v Board of Educ.,* 66 NY2d 313).

Similarly, plaintiffs' claim of tortious interference with contract is without merit. To establish a claim of tortious interference, plaintiffs were required to show that defendants intentionally and improperly procured breach of the contract *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189-190; *Israel v Wood Dolson Co.,* 1 NY2d 116, 120). Here, there was no breach; the parties merely exercised their contractual right to terminate. Moreover, "only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract" *(Koret, Inc. v Christian Dior, S.A.,* 161 AD2d 156, 157, *lv denied* 76 NY2d 714). Plaintiffs cannot state a claim for tortious interference against one of the contracting parties.

We conclude, however, that plaintiffs are entitled to partial summary judgment on their causes of action alleging defendants' breach of fiduciary duty. Pursuant to article 44 of the Insurance Law, the Fund constituted an employee welfare Fund (Insurance Law § 4402 [a], [b]), and defendants were trustees of that Fund (Insurance Law § 4402 [c]). As such, defendants were charged with a statutory and common-law duty to exercise fiduciary responsibilities over the assets of the Fund *(see,* Insurance Law § 4413 [a]), and were specifically enjoined by statute from distributing assets of the Fund for the benefit of any nonbeneficiaries, i.e., the City and active members of the union *(see,* Insurance Law § 4413 [b] [1]). The record establishes that defendants breached their fiduciary duty to the extent that they arranged for or effected the distribution of Fund assets to the City to reimburse it for its annual contributions to the Fund, and to active fire fighters, to reimburse them for foregoing salary increases in prior years. Although the record suggests that a total of approxi-

mately $200,000 in Fund assets was distributed by defendants, there is no conclusive proof of the precise figure. Moreover, the record does not reveal the portion of that distribution that went to nonbeneficiaries. Thus, we grant plaintiffs partial summary judgment on liability on their causes of action alleging defendants' breach of fiduciary duty, and we deny defendants' cross motions insofar as they seek summary judgment on those causes of action. Further proceedings are necessary in order to determine the total damages incurred by plaintiffs as a result of the breach and each plaintiff's rightful share.

We have considered plaintiffs' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Permanent Injunction.) Present—Denman, P. J., Balio, Lawton, Doerr and Davis, JJ.