■ BIB CONSTRUCTION COMPANY, INC., Appellant, v CITY OF POUGHKEEPSIE et al., Respondents. (And Three Other Related Actions.) [612 NYS2d 283] —White, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) from (1) an order of the Supreme Court (Beisner, J.), entered April 2, 1992 in Dutchess County, which granted the motion of defendants Maxwell Glantz and Herbert Stutman for summary judgment dismissing the complaint against them, and (2) an order of said court, entered July 21, 1992 in Dutchess County, which, *inter alia,* granted a motion by defendant City of Poughkeepsie to strike a discovery request.

On January 22, 1987, defendants Maxwell Glantz and Herbert Stutman (hereinafter collectively referred to as defendants) entered into a contract with defendant City of Poughkeepsie to provide professional architectural and engineering services in connection with the renovation of the City's Municipal Building. The construction phase of the project began on December 11, 1989 when the City entered into a contract with plaintiff whereby plaintiff agreed to perform and coordinate the general construction work. Plaintiff did not complete its performance of the contract, however, due to its termination by the City following the City's receipt of defendants' written report detailing areas where plaintiff's performance was allegedly deficient.

Thereafter, plaintiff commenced this action alleging causes of action sounding in breach of contract, fraud and tortious interference with contract. After receiving plaintiff's answers to interrogatories, defendants moved for summary judgment. Despite the pendency of the summary judgment motion, plaintiff served a notice for discovery and inspection on all the defendants. The City responded by moving to strike one of the discovery requests. Supreme Court granted both motions, giving rise to these appeals by plaintiff.

We find that Supreme Court correctly dismissed plaintiff's breach of contract cause of action in view of the fact there was no contractual relationship between plaintiff and defendants *(see, Pompano-Windy City Partners v Bear Stearns & Co., 794 F Supp 1265, 1290)*. Moreover, plaintiff cannot be considered a third-party beneficiary of the contract between defendants and the City as there is nothing therein to indicate that the contract was made and intended for its benefit *(see, Van Vleet v Rhulen Agency, 180 AD2d 846, 849)*.

To sustain a cause of action for fraud, a plaintiff must demonstrate, *inter alia*, that he or she acted in reliance on false representations *(see, Hausler v Spectra Realty, 188 AD2d 722; Atlantic Welding Servs. v Westchester Steel Fabricators Corp., 173 AD2d 1073, 1074-1075)*. Assuming, as plaintiff contends, that defendants made false reports to the City regarding plaintiff's performance of the contract, the record is devoid of any proof showing that plaintiff relied on these reports. Therefore, this cause of action was properly dismissed *(see, Halford v First Jersey Secs., 182 AD2d 1003, 1005)*.

Plaintiff claims that defendants tortiously interfered with its contract with the City by falsely blaming it for problems and delays on the project that were actually caused by defendants' own deficient performance of its contract with the City. Supreme Court found this cause of action insufficient because defendants, as agents, cannot be held liable for inducing their principal, the City, to breach its contract with plaintiff. An exception to this rule arises, however, when an agent does not act in good faith and commits independent torts or predatory acts directed at another for personal pecuniary gain *(see, Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915; Bank of N. Y. v Berisford Intl., 190 AD2d 622)*. In response to defendants' motion, plaintiff submitted documents and affidavits which raise some questions of fact concerning its allegation that defendants fall within this exception. Plaintiff also pointed out that it was precluded from developing a complete record on this issue as it had not been able to complete discovery prior to the motion for summary judgment and therefore had not acquired certain information that is within defendants' knowledge or control.

In circumstances such as this, when the facts essential to justify opposition to a motion for summary judgment might exist but cannot be stated because they are in the moving party's exclusive knowledge or control, summary judgment must be denied and the opposing party afforded an opportunity to engage in discovery *(see, Meraner v Albany Med. Ctr.,*

199 AD2d 740). Accordingly, at this point in the litigation Supreme Court should not have dismissed plaintiff's cause of action for tortious interference with contract.

Lastly, Supreme Court's issuance of an order striking plaintiff's request for "copies of all budgets, proposed budgets, revenue estimates * * * and other similar financial documents of the City for the period 1989-1991" was well within its discretion because such request is too broad and burdensome *(see, Stuart v WMHT Educ. Telecommunications,* 195 AD2d 671, 673).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order entered April 2, 1992 is modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing plaintiff's cause of action for tortious interference with contract; motion denied to that extent; and, as so modified, affirmed. Ordered that the order entered July 21, 1992 is affirmed, without costs.