■ AARON BEECHER, Appellant, v NEIL FELDSTEIN, Respondent. [780 NYS2d 153]—

In an action to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 21, 2003,

which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's amended complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The defendant entered into an agreement to acquire an automobile dealership (hereinafter the dealership) and to assume the balance of the dealership's lease with the plaintiff. Prior to closing, the defendant obtained an environmental assessment which revealed that the premises was contaminated and would cost approximately $280,000 to remediate. It subsequently renegotiated the agreement, acquired the business without assuming the lease, and relocated. The plaintiff thereafter asserted that the dealership breached the lease and commenced this tortious interference with contract action against the defendant. The amended complaint alleges, in sum, that the defendant intentionally induced the dealership's breach of the lease "by making the purchase of the business contingent upon relocating."

"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]).

Liberally construing the allegations of the plaintiff's amended pleading in his favor (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]), the defendant's actions did not procure and were merely incidental to the dealership's breach of the lease (*see Fox News Network v N.S. Bienstock*, 304 AD2d 498 [2003]; *Blumenreich v North Shore Health Sys.*, 287 AD2d 529, 531 [2001]). To impose liability, a defendant must induce or intentionally procure a third-party's breach of its contract with the plaintiff and not merely have knowledge of its existence (*see Lama Holding Co., supra* at 425; *Dunn v B & H Assoc.*, 295 AD2d 396, 397 [2002]).

Accordingly, we agree with the Supreme Court that the plaintiff's allegations, even if true, failed to set forth the requisite elements to support a viable claim alleging tortious interference with contract (*see Felsen v Sol Café Mfg. Corp.*, 24 NY2d 682, 686-687 [1969]; *Feldman Wood Prods. Co. v Geiger*, 269 AD2d 491 [2000]; *cf. Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Bernberg v Health Mgt. Sys.*, 303 AD2d 348, 349 [2003]). Altman, J.P., Goldstein, Adams and Crane, JJ., concur.