■ LINDA ANN MARIE BRADBURY, Appellant, v DIANA L. WOLLER COPE-SCHWARZ et al., Respondents. [798 NYS2d 207]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered June 7, 2004 in Delaware County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) from an order of said court, entered September 29, 2004 in Delaware County, which, inter alia, clarified its prior decision.

In April 2003, plaintiff entered into a contract to purchase real property located in the Town of Middletown, Delaware County, from defendant Diana L. Woller Cope-Schwarz (hereinafter the seller). The closing date was set for June 26, 2003, however, the contract did not include a "time of the essence" clause. Prior to the sale, the seller retained defendant Frank P. Lumia Real Estate Plus* to represent her interests. As relevant herein, the contract did include a mortgage contingency clause stating that the contract was contingent upon plaintiff: "obtaining approval of a mortgage loan secured by the Property in the amount of (99%) of the purchase price of $45,540.00 or such lesser sum as [plaintiff] will be willing to accept . . . [Plaintiff] agrees to use diligent efforts to obtain said approval and will apply for a mortgage loan within (7) business days of having received a signed and accepted Contract. This contingency will be deemed waived unless [plaintiff] notifies Seller, Seller's attorney or the Broker in writing . . . no later than forty-five (45) days after [plaintiff] or [plaintiff's] attorney's receipt of a fully executed copy of this Contract of [plaintiff's] inability to obtain said approval." The contract further included a nonassignment clause stating that plaintiff may not assign the contract without the seller's approval "and any purported assignment made without such consent is void."

Following execution of the contract, the record reveals several turbulent exchanges between the parties over such issues as, inter alia, the timeliness of the delivery of the executed contract and the accessibility of the property for appraisal. On June 26, 2003, the seller's attorney sent a letter pronouncing "that time is of the essence" and, if plaintiff failed to close by July 15, 2003, she would be in default. However, on July 3, 2003, the seller's attorney delivered another letter to plaintiff stating that since "[p]rompt application for a mortgage was not made and diligently pursued by [plaintiff,] . . . the seller hereby termi-

---

* The real estate agency is owned by defendant Frank Lumia, defendant Pamela Jean Orr is the managing broker and defendant Sandra N. Bowen is an agent of the firm.

nates the contract." According to the seller, she learned from her broker that plaintiff had not obtained a mortgage commitment, however, one had been issued to one Donna Englerth, who the seller did not know. The seller also set forth that Englerth's name was added to the contract of sale after its execution without her permission. Although plaintiff's attorney continued to represent that she was ready and willing to go forward with the closing, a sale of the property to defendants Steven Weinstein and Elizabeth Davis (hereinafter collectively referred to as the buyers) was negotiated by the seller's broker and completed on August 11, 2003.

Plaintiff brought a claim for breach of contract in September 2003 against the seller, the buyers, the broker and its employees. That complaint was dismissed against all defendants except the seller. In April 2004, plaintiff commenced this action against all of the same defendants alleging tortious interference with a contract. Supreme Court dismissed the complaint in its entirety, prompting these appeals by plaintiff.

Notably, to sustain a claim for tortious interference with a contract, it must be established that a valid contract existed which a third party knew about, the third party intentionally and improperly procured the breach of the contract and the breach resulted in damage to the plaintiff (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Israel v Wood Dolson Co.*, 1 NY2d 116, 120 [1956]). Upon review of this record, we find that plaintiff's action for tortious interference with a contract was properly dismissed against all defendants.

Initially, with respect to the seller's broker and its employees, the only way that this cause of action can survive is if there is proof that the agent acted in bad faith and committed "independent torts or predatory acts directed at another for personal pecuniary gain" (*BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948 [1994]; *see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]). There is no dispute herein that the seller's attorney notified plaintiff's counsel that the contract was considered canceled by the seller and a closing would not take place. Since nothing alleged by plaintiff indicates that the broker and its employees were acting beyond the scope of their employment in securing a new buyer or procured a breach of the contract for bad faith reasons (*see id.* at 915), Supreme Court properly dismissed the complaint as to those parties.

As for this claim against the buyers, plaintiff asserts that the buyers knew or should have known of the original contract and they purposely did not use the services of their usual attorney because he had knowledge of the contract. However, "[t]o

impose liability, a defendant must induce or intentionally procure a third-party's breach of its contract with the plaintiff and not merely have knowledge of its existence" (*Beecher v Feldstein*, 8 AD3d 597, 598 [2004]). Under the circumstances, Supreme Court properly found that these conclusory and speculative allegations were insufficient to state a cause of action against the buyers for tortious interference with a contract.

Turning last to the seller, we note that, in dismissing the complaint against her, Supreme Court affirmatively stated that there was no tortious interference because the seller did not breach the contract with plaintiff. Upon our review of the record, however, we cannot conclude, as a matter of law, that no breach occurred. For example, while the seller argues that termination of the contract was permissible because the terms of the mortgage contingency were not met, that clause, by its unambiguous terms, was waived due to plaintiff's failure to notify the seller in writing of her failure to obtain financing within the prescribed period (*see Perrino v Hogan*, 175 AD2d 478, 479 [1991]; *Tator v Salem*, 81 AD2d 727, 727-728 [1981]). Moreover, the parties' contract does not contain a separate provision granting the seller the option of canceling the contract in the event that plaintiff failed to provide a firm mortgage commitment (*see e.g. Hussain v Gomez*, 5 Misc 3d 139 [2004]). Additionally, even if the seller is correct in maintaining that plaintiff assigned the contract in violation of the contract, the clause provides that any assignment would be void, not that the seller had the right to cancel the contract. In any event, while we cannot agree that this record establishes, as a matter of law, that the seller did not breach the contract, such a finding is not necessary to support the conclusion that a cause of action for tortious interference was not stated against the seller. Inasmuch as she was not a third party to her own contract, the seller could not tortiously interfere with it as a matter of law, regardless of the validity of the underlying contract (*see Winicki v City of Olean*, 203 AD2d 893, 894 [1994]). Accordingly, the subject complaint was properly dismissed against all parties.

Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.