■ TOWN OF LIBERTY VOLUNTEER AMBULANCE CORPORATION, Respondent, v CATSKILL REGIONAL MEDICAL CENTER et al., Appellants. [816 NYS2d 246]—

Peters, J. Appeal from an order of the Supreme Court (LaBuda, J.), entered January 5, 2006 in Sullivan County, which, inter alia, granted plaintiff's motion for a preliminary injunction.

Plaintiff commenced this action for a permanent injunction to enjoin defendant Catskill Regional Medical Center (hereinafter CRMC) from refusing to honor its patients' written discharge requests. Plaintiff, not under contract with CRMC, had provided a significant portion of CRMC's discharged patients with transport services until October 2004 when CRMC signed a preferred provider agreement with defendant Sullivan Paramedicine, Inc., doing business as Mobile Medic. Under that agreement, Mobile Medic was entitled to be called first in the event of a transport, unless it was unavailable or a patient expressed a desire for another provider. CRMC alleged that this contract enabled it to secure efficient, reliable, certified ambulance service for its patients at a significantly reduced cost. After plaintiff experienced a corresponding decline in the volume of transport requests, it created a written preference form for patients to sign which requested plaintiff's services upon their discharge. Plaintiff had its emergency medical technicians give these forms to patients while they were being transported to CRMC for emergency medical treatment or inpatient hospitalization. While CRMC originally honored these request forms, it later required a patient's verbal confirmation of his or her choice to use plaintiff at the time of discharge. CRMC maintained that the presentation of these forms to patients for their signature, under these conditions, was inherently coercive.

Plaintiff sought and obtained a temporary restraining order (hereinafter TRO) against CRMC which it attempted to vacate on more than one occasion. Supreme Court thereafter allowed Mobile Medic to intervene before holding a hearing, which resulted in the modification of the TRO, pending a determination on the preliminary injunction. Mobile Medic then joined in CRMC's motion to vacate the TRO, adding its challenge to the issuance of the preliminary injunction. In response, plaintiff filed an amended complaint, adding allegations that CRMC is tortiously interfering with plaintiff's contracts with its patients. Supreme Court denied defendants' motion to vacate the TRO, later issuing a preliminary injunction which, among other things, enjoined CRMC from refusing to honor its patients' written transport requests. Defendants appeal.

Whether plaintiff's complaint is viewed as seeking a permanent injunction or alleging tortious interference with a contract, Supreme Court erred in granting the preliminary injunction since, like a permanent injunction, it requires a showing of irreparable injury in the absence of an adequate legal remedy (*see Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 857-859 [2003]; *McDermott v City of Albany*, 309 AD2d 1004, 1005 [2003], *lv denied* 1 NY3d 509 [2004]). While plaintiff makes allegations that CRMC's actions violated certain Public Health Law provisions, these allegations are insufficient to afford it standing to support the claim for the permanent injunction. Next, considering the allegation that there was a tortious interference with contract, the legal remedy of damages is available (*see McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 525 [2001]).

Moreover, plaintiff failed to demonstrate a likelihood of success on the merits (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Plaintiff had to establish "that a valid contract existed which [CRMC] knew about, [CRMC] intentionally and improperly procured the breach of the contract and the breach resulted in damage to the plaintiff" (*Bradbury v Cope-Schwarz*, 20 AD3d 657, 659 [2005]). Here, it was not demonstrated that the signed transport request had adequate consideration to constitute a valid contract and, therefore, there was no showing of a likelihood of success on the element that CRMC procured a breach of this contract to intentionally harm plaintiff (*see id.* at 659-660; *see also Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281 [1978]; *Franbilt, Inc. v New York State Thruway Auth.*, 290 AD2d 705, 707-708 [2002]). Accordingly, while we are mindful of the issues of public concern which appear to have been the underpinnings of Supreme Court's order, we are constrained to

conclude that the issuance of a preliminary injunction was in error (*see Doe v Axelrod, supra* at 750).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed.