**HIGHLAND CAPITAL MANAGEMENT LP, Plaintiff–Appellant–Cross–Appellee,**

v.

**Leonard SCHNEIDER, Leslie Schneider, Scott Schneider, and Susan Schneider, Defendants–Third–Party–Plaintiffs–Counter–Defendants–Appellees–Cross–Appellants,**

**Jenkens & Gilchrist Parker Chapin LLP, Defendant–Appellee,**

**RBC Dominion Securities Corp., Third–Party–Defendant–Counter–Claimant–Cross–Appellee.**

**Nos. 05–4729–cv, 05–4869–cv.**

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Paul B. Lackey (Jamie R. Welton, on the brief), Lackey Hershman, L.L.P., Dallas, TX, for Appellants.

Alvin M. Stein (Katherine C. Ash, Tyler D. Lenane, of counsel), Troutman Sanders LLP, New York, NY, for Leonard, Leslie, Scott, and Susan Schneider.

Robert B. Gilbreath, Jenkens & Gilchrist, Parker Chapin LP, Dallas, TX, for Jenkens & Gilchrist Parker Chapin LP.

PRESENT: Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges and Hon. PAUL A. CROTTY, District Judge.[2]

### SUMMARY ORDER

Plaintiff Highland Capital Management ("Highland"), appeals a grant of summary judgment in favor of defendants Leonard, Leslie, Scott, and Susan Schneider (collectively, the "Schneiders") and Jenkens & Gilchrist Parker Chapin ("JGPC") in a dispute arising out of the Schneiders' refusal to sell $69 million in promissory notes. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Subject Matter Jurisdiction*

Preliminarily, we consider (1) Highland's motion to vacate the judgment entered by the district court for lack of subject matter jurisdiction, and (2) the Schneiders' motion to sever and dismiss JGPC as a defendant if necessary in order to preserve subject matter jurisdiction. In order to better explain our decision, we briefly recount the facts giving rise to these motions.

Highland is a limited partnership organized under the laws of Delaware with its principal place of business in Texas. Defendant Leonard Schneider is a resident of Florida. Defendants Leslie, Scott, and Susan Schneider are residents of New York. This case was initially brought by Highland against the Schneiders in Texas state court in 2001, but was properly removed to federal court in 2002 on the basis of diversity jurisdiction. In 2004, Highland was granted leave to file its Third Amended Complaint, pursuant to which it added JGPC, a limited liability partnership organized under the laws of Texas, as a defendant. The parties now agree that the addition of JGPC as a defendant destroyed diversity jurisdiction because both JGPC

**2.** The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

and Highland are residents of Texas. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 80 (2d Cir.2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). At the time the Third Amended Complaint was filed, however, the parties did not note, and, thus, the district court did not recognize, this jurisdictional defect. Summary judgment was ultimately granted in favor of the defendants.

While this appeal was pending, Highland cited the addition of JGPC in further support of its motion to vacate the district court judgment for lack of diversity jurisdiction and to remand the case to Texas state court. In response, the Schneiders move to sever Highland's claims against JGPC and to dismiss JGPC from the action. Alternatively, the Schneiders urge this court to find that it has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

■ Initially, we hold that we lack federal question jurisdiction over this case under 28 U.S.C. § 1331. Federal question jurisdiction exists only where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and *substantial,* which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005) (emphasis added); *see also Bracey v. Board of Educ.,* 368 F.3d 108, 114 (2d Cir.2004) (stating that federal question jurisdiction exists where "vindication of [the] right under state law necessarily turn[s] on some construction of federal law") (internal quotation marks omitted). We agree with Highland that its claim against the defendants for tortious interference with prospective business rela-

tions, as pleaded in its Third Amended Complaint, does not necessarily require Highland to prove a violation of federal law because the defendants' "wrongful" conduct, at least as pleaded, may presumably be demonstrated without showing that the defendants violated federal securities laws. *See Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 191, 785 N.Y.S.2d 359, 363, 818 N.E.2d 1100 (2004) (identifying "wrongful" conduct as element of claim for tortious interference with prospective business relations); *see also Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 194 (2d Cir.2005) (identifying relevant question as "whether at least one federal aspect of [Highland's third amended complaint] is a logically separate claim, rather than merely a separate theory that is part of the same claim as a state-law theory"). Moreover, we observe that Highland's claim of wrongful conduct arising under federal securities laws appears to be patently without a basis in law or fact because the disclosure of certain information by McNaughton executives to attorneys for JGPC in no way harmed McNaughton's shareholders and, hence, did not constitute a breach of any fiduciary duties owed to those shareholders. *See Dirks v. SEC,* 463 U.S. 646, 662, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983) (observing that, absent any breach of fiduciary duty by corporate insider, there can be no derivative breach by an outsider). Accordingly, we conclude that the claim lacks sufficient substance or merit to give rise to federal question jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotation marks omitted).

We agree with the Schneiders, however, that it is appropriate in this case to sever Highland's claims against JGPC and to dismiss JGPC as a defendant in order to preserve subject matter jurisdiction. The Supreme Court has held that federal appellate courts have the power "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered," *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), so long as the dismissal of that party will not "prejudice any of the parties in the litigation," *id.* at 838, 109 S.Ct. 2218. In this case, JGPC is a dispensable party because it was sued as a joint tortfeasor and "it is settled federal law that joint tortfeasors are not indispensable parties." *Samaha v. Presbyterian Hosp. in New York*, 757 F.2d 529, 531 (2d Cir.1985) (*per curiam*); *see also Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir.2000).

The dismissal of JGPC will not prejudice Highland because (1) that firm's attorneys were available for discovery as non-parties, and (2) the Schneiders gained no tactical advantage from the addition of JGPC as a defendant. Indeed, the Schneiders strenuously opposed Highland's attempts to add JGPC as a defendant. Finally, we observe that considerations of equity and the conservation of judicial resources counsel in favor of granting the Schneiders' motion for severance and dismissal to preserve at least a portion of a judgment entered following three years of litigation in the district court. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (stating that once judgment has been entered, "considerations of finality, efficiency and economy become overwhelming"); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. at 838, 109 S.Ct. 2218 (noting that "[n]othing but a waste of time and resources would be engendered

by ... forcing these parties to begin anew").

Accordingly, we conclude that Highland's claims against JGPC should be severed from its claims against the Schneiders and that JGPC should be dismissed as a defendant in this suit. To the extent that Highland argues that the language of 28 U.S.C. § 1447(e) compels a contrary conclusion, we find this argument unpersuasive in light of the First Circuit's reasoning in *Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir.1991) (Breyer, C.J.).

### 2. Count Three: The Tortious Interference With Contract Claim

Under New York law, the elements of tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract, and (5) damages resulting therefrom. *See Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 82, 668 N.E.2d 1370 (1996). In granting summary judgment to the Schneiders on Highland's tortious interference claim, the district court concluded that no genuine issue of material fact existed with respect to the second element, *i.e.*, the Schneiders' knowledge of a contract between RBC Dominion Securities Corporation ("RBC") and Highland. On appeal, Highland contends, with some persuasive force, that there was record evidence from which a rational juror could find such knowledge. Highland also argues that the district court erred in applying the statute of frauds to its tortious interference claim.

We need not here decide the merits of Highland's challenge because we identify another ground on which summary judgment was clearly warranted. *See*

*Baker v. Home Depot,* 445 F.3d 541, 546 (2d Cir.2006) (noting that we may "affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court"). Specifically, on the record presented, no rational juror could find that the Schneiders' actions constituted "procurement" of RBC's breach of its purported contract with Highland. *See Lama Holding Co. v. Smith Barney, Inc.,* 88 N.Y.2d at 424, 646 N.Y.S.2d at 82, 668 N.E.2d 1370 (holding that defendant must have "procure[d] ... the third-party's breach of the contract without justification."); *Bradbury v. Cope–Schwarz,* 20 A.D.3d 657, 660, 798 N.Y.S.2d 207, 210 (3d Dep't 2005) (stating that "a defendant must *induce* or intentionally *procure* a third-party's breach of its contract with the plaintiff") (emphasis added).

At no point in the Third Amended Complaint does Highland allege that the Schneiders prevailed upon RBC to breach its purported contract with Highland. Rather, its tortious interference claim is based solely on the allegation that the Schneiders' refusal to deal with RBC ultimately resulted in RBC's inability to satisfy the terms of its purported contract with Highland. Such action, however, is not "procurement." *See Beecher v. Feldstein,* 8 A.D.3d 597, 598, 780 N.Y.S.2d 153, 154 (2d Dep't 2004) (dismissing tortious interference claim on ground that "defendant's actions did not procure, and were merely incidental, to the [third party's] breach of the lease"); Restatement (Second) of Torts § 766 cmt. b ("Deliberately and at his pleasure, one may ordinarily refuse to deal with another, and the conduct is not regarded as improper, subjecting the actor to liability [for tortious interference.]"); *Webster's Third New Int'l Dictionary* 1809 (1986) (defining "procure" as "to prevail upon to do something indicated"). Accordingly, we conclude that summary judgment

was properly granted in favor of the Schneiders on the tortious interference claim.

### 3. *Count Four: The Tortious Interference with Prospective Economic Advantage Claim*

■ In its reply brief, Highland argues that "the issues affecting Highland's alternative claims for tortious interference with prospective contractual relations were appealed on the merits of the Court's rulings with respect to the tortious interference with contract claims." Appellant's Reply Br. 27. This argument presents two problems. First, the elements of tortious interference with contract are different from the elements of tortious interference with prospective economic relations. *See Carvel Corp. v. Noonan,* 3 N.Y.3d at 189, 785 N.Y.S.2d at 362, 818 N.E.2d 1100. Second, the district court dismissed the prospective claim on a different ground from the contract claims, specifically, the Schneiders' alleged tortious conduct directed towards RBC "did not convince RBC to avoid business relationships with [Highland]; RBC very much wanted to continue its relationship with [Highland]. Rather, it was [Highland] who refused to engage in future transactions with RBC. Defendants cannot be held responsible for [Highland's] decision to terminate its relationship with RBC." *Highland Capital Mgmt., L.P. v. Schneider,* No. 02–8098, 2005 WL 1765711, at *22, 2005 U.S. Dist. LEXIS 14912, at *76 (S.D.N.Y. July 26, 2005). Highland does not challenge these findings on appeal. Accordingly, it has waived this argument and we do not address it further. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

#### 4. *Counts Five and Six: The Claims against JGPC*

■ Because JGPC's status as a defendant in this suit destroys federal subject matter jurisdiction, the district court lacked the authority to resolve any of Highland's claims against JGPC. Accordingly, the entry of judgment in favor of JGPC on these two claims must be vacated for lack of subject matter jurisdiction.

#### 5. *Conclusion*

Highland's motion to vacate the judgment of the district court in its entirety for lack of subject matter jurisdiction is hereby DENIED. The Schneiders' motion to sever Highland's claims against JGPC and to dismiss JGPC as a defendant in this suit is hereby GRANTED. The judgment of the district court with respect to counts three and four of Highland's Third Amended Complaint is hereby AFFIRMED. The judgment of the district court with respect to counts five and six of Highland's Third Amended Complaint is hereby VACATED.