Highland Capital v. Schneider

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2005

(Argued: June 15, 2006                    Decided: May 14, 2007)

Docket Nos. 05-4729-cv(L), 05-4869-cv(XAP)

HIGHLAND CAPITAL MANAGEMENT L.P.,

*Plaintiff-Appellant-Cross-Appellee,*

—v.—

LEONARD SCHNEIDER, LESLIE SCHNEIDER,
SCOTT SCHNEIDER, and SUSAN SCHNEIDER,

*Defendants-Third-Party-Plaintiffs-*
*Counter-Defendants-Appellees-*
*Cross-Appellants,*

JENKENS & GILCHRIST PARKER CHAPIN L.L.P.,

*Defendant-Appellee.*

Before:

WINTER and RAGGI, *Circuit Judges,* CROTTY, *District Judge.*[1]

Appeal from an order of the United States District Court for the Southern District of New

York (Peter J. Leisure, *Judge*), entered on August 2, 2005, granting summary judgment in favor

---

[1]  The Honorable Paul A. Crotty, United States District Judge for the Southern District of New
York, sitting by designation.

1

of Defendants-Third-Party-Plaintiffs-Counter-Defendants-Appellees.

VACATED and REMANDED.

---

PAUL B. LACKEY (Jamie R. Welton, on the brief), Lackey Hershman, L.P.P., Dallas, Texas, *for Plaintiff-Appellant-Cross-Appellee.*

ALVIN M. STEIN (Katherine C. Ash, Tyler D. Lenane, of counsel), Troutman Sanders L.L.P., New York, New York, *for Defendants-Third-Party-Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants,*

ROBERT B. GILBREATH, Jenkens & Gilchrist Parker Chapin L.P., Dallas, Texas *for* Jenkens & Gilchrist Parker Chapin L.P.

---

CROTTY, *District Judge*:

## I. Background

The facts on this appeal are set forth in the Court's prior opinion, Highland Capital Mgmt. L.P. v. Schneider, 460 F.3d 308 (2d Cir. 2006), and more extensively in the District Court's opinion, Highland Capital Mgmt. L.P. v. Schneider, 2005 U.S. Dist. LEXIS 14912, at *2-28 (S.D.N.Y. July 26, 2005), familiarity with which is assumed. In our opinion, we certified the following question to the New York Court of Appeals:

> Based on this record, do the eight promissory notes issued by McNaughton Apparel Group Inc., to the Schneiders fall within the definition of a "security" as contemplated by Section 8-102(15) of the New York Uniform Commercial Code?

Highland Capital Mgmt., 460 F.3d at 321.

2

On April 3, 2007, the New York Court of Appeals answered the question in the affirmative. See Highland Capital Mgmt. L.P. v. Schneider, 2007 N.Y. LEXIS 613 (Apr. 3, 2007). Specifically, it found that the eight notes issued to the Schneiders met the transferability, divisibility and functionality tests of N.Y. U.C.C. § 8-102(a)(15).[2] See id. at *10-11.

While the notes were not in bearer form, they were in a form which "contemplated the possibility of future transfer." Id. at *15. Since McNaughton would have to register a transfer upon appropriate demand by the note holders, the Court of Appeals concluded "that the notes satisfy the transferability test in N.Y. U.C.C. § 8-102(12)(I): they were obligations represented by a security certificate in registered form." Id.

Since the eight notes are divided into two groups of four notes each, they were clearly a class of obligations which are divisible. Id. at *16.

Finally, the Court of Appeals recognized that the functionality test had to be liberally construed to address and "create a framework for commercial activity that reflects and fosters developing custom and usage." Id. at *17. Since McNaughton had treated the notes as securities, as did the securities trading entities, they were securities within the meaning of U.C.C. § 8-102(a)(15).

We have previously disposed of Counts Three, Four, Five, and Six of the Third Amended Complaint ("Complaint") by summary order.[3] See Highland Capital Mgmt. L.P. v. Schneider,

---

[2] The question of whether a note is a "security" within the meaning of N.Y. U.C.C. § 8-102(a)(15) does not depend on whether it represents an investment in the issuing company. The financing arrangement does not have to be analogous to a stock transaction in order to be a security, nor does it have to meet any criteria (e.g., financing and investment, or representing title) other than those set forth in § 8-102(a)(15).

[3] Counts Three and Four allege Tortious Interference with Contractual Relations and Prospective Contractual Relations (respectively) against the Schneiders. Counts Five and Six allege Tortious Interference with Contractual Relations and Prospective Contractual

3

198 Fed. Appx. 41 (2d Cir. 2006). We affirmed the District Court's decision with regard to Counts Three and Four and vacated the decision with respect to Counts Five and Six for lack of subject matter jurisdiction. We retained jurisdiction of Counts One, Two, and Seven of the Complaint so that we could rule on the remainder of the appeal when we had the New York Court of Appeals' answer to the certified question.

Count One of the Complaint alleges a Breach of Contract against the Schneiders; Count Two of the Complaint alleges a Breach of a Binding Preliminary Agreement against the Schneiders (Breach of Good Faith and Fair Dealing); and Count Seven alleges Third Party Beneficiary Breach of Contract against the Schneiders. In the analysis of each of these three counts, the District Court found that since the notes were not securities, see Highland Capital Mgmt., 2005 U.S. Dist. LEXIS 14912, at *44, there had to be a writing sufficient to satisfy the Statute of Frauds. See id. at *55. That writing being absent, there was no contract, alleged oral agreements to the contrary notwithstanding.

In considering the existence of the "purported oral agreement" in Counts One, Two, and Seven, Judge Leisure found that there was a "genuine material issue of fact . . . as to whether the Schneiders' actions compelled RBC and Highland's belief that GRS had the authority to bind the Schneiders." Id. at *35. Similarly, "a rational juror could find that the purported oral agreement encompassed all material terms between the Schneiders/GRS and RBC." Id. at *38. Since the notes were not securities, however, the "purported oral agreement" fell within the Statute of Frauds. The District Court went on to conclude, however, that there was no evidence of privity of contract between Highland and the Schneiders, and dismissed Counts One and Two. As to

Relations (respectively) against JGPC.

4

Count Seven (Third Party Beneficiary), the District Court found that "a material issue of fact exists as to whether Highland was an intended third party beneficiary if the contract is found to exist." Id. at *68. Thus, the only claim not dismissed on the merits was Count Seven.

II. Discussion

In light of the New York Court of Appeals' determination that the notes are securities within the meaning of New York's U.C.C., the District Court's dismissal of Counts One and Two based on the determination that there was insufficient support for a contract between Highland and the Schneiders should be reconsidered. Upon finding that the notes were not securities within the meaning of the N.Y. U.C.C., the District Court then analyzed the contract claims purely under the common law. We remand for the District Court to reconsider these claims under the framework of Article 8 of the N.Y. U.C.C.[4]

Finally, with respect to Count Seven, Third Party Beneficiary Breach of Contract against the Schneiders, the District Court found that this count stated a valid claim, but dismissed for want of the jurisdictional amount. It reasoned that, because the contract fell within the Statute of Frauds, the damages were limited to $5,000, an amount that did not satisfy the statutory

---

[4] Applying common law principles of agency, the District Court concluded that there was no privity of contract between Highland and the Schneiders. By remanding for reconsideration, the Court is not dictating a different outcome, as the District Court might conclude that, notwithstanding Article 8 of the N.Y. U.C.C., the same common law principles yield the same result. The N.Y. U.C.C. does not completely supplant the common law. See, e.g., N.Y. U.C.C. § 8-509 cmt. ("This Article is not a comprehensive statement of the law governing the relationship between broker-dealers or other securities intermediaries and their customers. Most of the law governing that relationship is the common law of contract and agency, supplemented or supplanted by regulatory law. This Article deals only with the most basic commercial/property law principles governing the relationship."). The extent to which the analysis differs under the N.Y. U.C.C. is for the District Court to determine in the first instance.

requirement for diversity jurisdiction.  See Highland Capital Mgmt., 2005 U.S. Dist. LEXIS 14912, at *76-77; 28 U.S.C. § 1332(a).  In light of the New York Court of Appeals' determination that the notes in question were in fact securities, the Statute of Frauds no longer so limits the damages in question.  Indeed, the value of the disputed promissory notes was $69 million, well over the $75,000 jurisdictional threshold.  See Highland Capital Mgmt. L.P., 2005 U.S. Dist. LEXIS 14912, at *2.  We therefore reverse the District Court's jurisdictional dismissal.

Since the District Court clearly has jurisdiction, it may exercise supplemental jurisdiction over the third party complaints and counterclaims.

### III.  Conclusion

The judgement of the District Court with respect to Counts One, Two and Seven of the Third Amended Complaint is hereby VACATED and REMANDED.