■ FIRST AMERICAN COMMERCIAL BANCORP, INC., Respondent, v SAATCHI & SAATCHI ROWLAND, INC. (Formerly SAATCHI & SAATCHI BUSINESS COMMUNICATIONS, INC.), et al., Appellants. (Appeal No. 2.) [865 NYS2d 424]—

Appeals from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered October 17, 2007. The order, among other things, granted plaintiff's motion for leave to renew plaintiff's opposition to defendants' motions and for leave to amend the first amended complaint and, upon renewal, denied defendants' motions in their entirety.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting in part the motion of defendants Saatchi & Saatchi Rowland, Inc. (formerly Saatchi & Saatchi Business Communications, Inc.) and CB Richard Ellis and dismissing the first cause of action insofar as it alleges breach of contract and the third and fourth causes of action against defendant Saatchi & Saatchi Rowland, Inc. (formerly Saatchi & Saatchi Business Communications, Inc.) and the first amended complaint against defendant CB Richard Ellis, by granting in part the motion of defendant Vanteon Corporation and dismissing the first amended complaint against that defendant, and by denying that part of the motion of plaintiff for leave to amend the first amended complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising out of an agreement between plaintiff and defendant Saatchi & Saatchi Rowland, Inc. (formerly Saatchi & Saatchi Business Communications, Inc.) (Saatchi) pursuant to which plaintiff subleased office space from Saatchi. Plaintiff's sublease with Saatchi provided that plaintiff would have the right of first refusal in the event that Saatchi determined to sublease additional office space in the building designated as "Area B" in the sublease and in a floor plan that was attached

to the sublease. When plaintiff learned that Saatchi, through defendant CB Richard Ellis (CBRE), its agent, was negotiating with defendant Vanteon Corporation (Vanteon) to sublease office space that included area B, plaintiff notified Saatchi and Vanteon that it intended to exercise its right of first refusal over area B. Approximately one month later, Vanteon entered into an agreement to sublease office space adjacent to area B at a rental amount that was lower than what Vanteon had been willing to pay had it been able to sublease area B. Plaintiff and Saatchi continued to negotiate for the sublease of area B but disagreed concerning, inter alia, the rental amount for the space. It appears that, as of the time that these appeals were taken, they had not yet reached an agreement. Several months after entering into the sublease agreement with Saatchi, Vanteon erected a demising wall to separate its office space from plaintiff's office space and from area B. The local building inspector informed plaintiff that, because of Vanteon's demising wall, plaintiff was required to create an additional means of egress from its office space in order to comply with the building codes.

By its first amended complaint, plaintiff asserted causes of action against Saatchi for, inter alia, breach of their sublease, including the implied covenant of good faith and fair dealing, and plaintiff sought an injunction directing Saatchi and Vanteon "to restore to Area B a useable and code-compliant means of egress" that had been eliminated by the erection of the demising wall. Plaintiff also asserted a cause of action against Vanteon and CBRE for tortious interference with plaintiff's contract with Saatchi. By the order in appeal No. 1, Supreme Court granted that part of the motion of Vanteon and that part of the motion of Saatchi and CBRE to dismiss the first amended complaint against Vanteon and CBRE pursuant to CPLR 3211 (a) (1) and (7) and granted that part of the motion of Saatchi and CBRE to dismiss the first, third, and fourth causes of action against Saatchi pursuant to CPLR 3211 (a) (1) and (7), thereby leaving intact only the second cause of action. By the order in appeal No. 2, the court granted that part of the motion of plaintiff for leave to renew its opposition to defendants' motions and, upon renewal, denied defendants' motions, and the court granted that part of plaintiff's motion for leave to amend the first amended complaint.

Plaintiff's appeal from the order in appeal No. 1 must be dismissed inasmuch as the order in appeal No. 2 supersedes the order in appeal No. 1 (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). We conclude with respect to the order in appeal No. 2, however, that the court, upon renewal, erred in

denying that part of the motion of Saatchi and CBRE to dismiss the third cause of action, alleging Saatchi's breach of the sublease with plaintiff based on Vanteon's construction of the demising wall, and those parts of defendants' respective motions to dismiss the fourth cause of action, seeking the aforementioned injunctive relief. We therefore modify the order accordingly.

On a motion to dismiss pursuant to CPLR 3211 (a) (1), "[t]he interpretation of an unambiguous contract is a question of law for the court, and the provisions of a contract addressing the rights of the parties will prevail over the allegations in a complaint" (*Taussig v Clipper Group, L.P.,* 13 AD3d 166, 167 [2004], *lv denied* 4 NY3d 707 [2005]). Here, the court erred in determining that the right of first refusal provision of the sublease between Saatchi and plaintiff was ambiguous with respect to whether plaintiff was entitled to a means of egress from area B that extended beyond the area designated in the sublease and the attached floor plan. We agree with Saatchi that the court erred in determining that the term approximately, as used in paragraph (1) (b) of the sublease to describe the bounds of area B, as well as the use of the term approximate in the attached floor plan, renders the sublease ambiguous with respect to the boundaries of area B and thus permits the admission of parol evidence with respect to those boundaries (*cf. Wintemberg v Kowal,* 235 AD2d 999, 999-1000 [1997]; *Start v Trudell,* 155 AD2d 829, 831 [1989]; *Smith v Slocum,* 71 AD2d 1058 [1979]). Rather, we conclude that the use of the terms approximate or approximately "mean[s] only a negligible deviation" (*Dunbar & Sullivan Dredging Co. v State of New York,* 259 App Div 440, 444 [1940]), and that such use was "intend[ed] to cover slight or unimportant inaccuracies" (*Watson v City of New York,* 67 App Div 573, 581 [1902], *affd* 175 NY 475 [1903]). Thus, those causes of action concerning the construction of the demising wall must be dismissed, inasmuch as there is no ambiguity with respect to the boundaries of area B and thus no issue whether plaintiff's rights thereto were impinged upon.

We further conclude that the court erred, upon renewal, in denying those parts of defendants' respective motions to dismiss the fifth cause of action, alleging the tortious interference by Vanteon and CBRE with plaintiff's contract with Saatchi. We therefore further modify the order accordingly. Addressing first CBRE, we note that it was at all relevant times acting as Saatchi's agent, and an agent may not be held liable for inducing its principal to breach a contract with another unless the agent "does not act in good faith and commits independent

torts or predatory acts directed at another for [its own] pecuniary gain" (*BIB Constr. Co. v City of Poughkeepsie,* 204 AD2d 947, 948 [1994]; *see Bradbury v Cope-Schwarz,* 20 AD3d 657, 659 [2005]; *see also Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915 [1978]). Although plaintiff alleged that CBRE acted in bad faith, it did not allege that CBRE had committed the requisite "independent torts or predatory acts" directed at plaintiff (*BIB Constr. Co.,* 204 AD2d at 948). With respect to Vanteon, we conclude that plaintiff failed to support that cause of action with more than "mere speculation" (*Burrowes v Combs,* 25 AD3d 370, 373 [2006], *lv denied* 7 NY3d 704 [2006]), and failed to allege that "but for" Vanteon's conduct the sublease would not have been breached (*id.; see Washington Ave. Assoc. v Euclid Equip.,* 229 AD2d 486, 487 [1996]).

We agree with plaintiff, however, that the court, upon renewal, properly denied that part of the motion of Saatchi and CBRE to dismiss the first cause of action against Saatchi insofar as it alleges the breach of the implied covenant of good faith and fair dealing (*see Quigley v Capolongo,* 53 AD2d 714, 715 [1976], *affd* 43 NY2d 748 [1977]; *New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.,* 13 AD3d 425, 428 [2004]). We further conclude, however, that the court erred in denying that part of the motion with respect to the remainder of the first cause of action insofar as it generally alleges, without explanation, that "Saatchi breached the Sublease." We therefore further modify the order accordingly.

Finally, although the decision whether to grant leave to amend a complaint is committed to the sound discretion of the trial court (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]), we conclude that the court abused its discretion in granting that part of plaintiff's motion for leave to amend the first amended complaint. We therefore further modify the order accordingly. The second cause of action, which in the first amended complaint sought specific performance from Saatchi, now seeks specific performance from Vanteon. Vanteon, however, was not a party to the sublease between plaintiff and Saatchi, and thus Vanteon cannot be compelled to perform any duties thereunder (*see generally Tikvah Realty, LLC v Schwartz,* 43 AD3d 909 [2007]). Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.