■ SCHMIDT & SCHMIDT, INC., Appellant, v TOWN OF CHARLTON et al., Defendants, and J. PAUL VOSBURGH ARCHITECT, P.C., Respondent. [890 NYS2d 693]—

---

Peters, J.P.

Defendant J. Paul Vosburgh Architect, P.C. (hereinafter defendant) contracted with defendant Town of Charlton to serve as the architect and project administrator in connection with the construction of the Town's new town hall. Plaintiff was hired by the Town to provide general construction work for the project, but was terminated prior to the completion of construction. Defendant had recommended such action due to plaintiff's failure to supply enough properly skilled workers or proper materials and its failure to perform its work on the project.

Plaintiff commenced this action against defendant, the Town and the Town's representative, defendant AKW Consulting, Inc., alleging, among other things, a cause of action against defendant for tortious interference with its contract with the Town. Following joinder of issue, Supreme Court granted defendant's motion to dismiss the complaint against it for failure to state a cause of action. Plaintiff appeals, challenging only that part of Supreme Court's judgment as dismissed its cause of action against defendant for tortious interference with contract.

As this case comes to us in the posture of a motion to dismiss pursuant to CPLR 3211 (a) (7), we "must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide [the] plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Alaimo v Town of Fort Ann*, 63 AD3d 1481, 1482 [2009]). Moreover, we "may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint," since the ultimate " 'criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1356 [2008], *lv denied* 11 NY3d 706 [2008]). Evaluating the complaint and plaintiff's submissions in this light, we find that Supreme Court

erred in dismissing its cause of action premised on tortious interference with contract.

To sustain such a claim, a party "must show the existence of its valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages" (*White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *see Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]). However, where, as here, an agent is alleged to have induced its principal to breach a contract, the agent cannot be found liable unless it "does not act in good faith and commits independent torts or predatory acts directed at another for personal pecuniary gain" (*BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948 [1994]; *see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *Bradbury v Cope-Schwarz*, 20 AD3d 657, 659 [2005]).

In its complaint, plaintiff alleged that defendant maliciously, and for its own benefit, impeded and interfered with its contract with the Town by making arbitrary and erroneous determinations with respect to the requirements of the contract and recommending the termination of the contract without just cause or reasonable grounds. Plaintiff's president averred that defendant intentionally delayed its response, failed to respond or otherwise provided ambiguous responses to multiple requests for interpretation and submittals of proposed work, thereby hindering plaintiff's performance of the contract and ultimately bringing construction to a "halt." He further averred that defendant falsely blamed plaintiff for problems and delays on the project in order to "deflect attention from [defendant's] original design error and omission." Moreover, plaintiff alleged that defendant stands to gain more than $250,000 as a result of its wrongful termination, and thus had a pecuniary incentive to see that plaintiff was terminated. In support, plaintiff submitted a letter from the Town to plaintiff's surety indicating that defendant has proposed a fee of more than $250,000 for additional services rendered through completion of the project. Taken as true and construed liberally, the alleged conduct on the part of defendant is sufficient to state a cognizable claim for tortious interference with contract (*see BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d at 948; *Bank of N.Y. v Berisford Intl.*, 190 AD2d 622, 622 [1993]; *compare First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc.*, 55 AD3d 1264, 1267 [2008], *lv denied* 57 AD3d 1531 [2008], *lv dismissed and denied* 12 NY3d 829 [2009]; *Bradbury v Cope-Schwarz*, 20 AD3d at 659).

Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered

that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion of defendant J. Paul Vosburgh Architect, P.C. to dismiss plaintiff's fifth cause of action; said motion denied to that extent; and, as so modified, affirmed.