■ HARALAMBOS VANDOROS et al., Respondents, v IRENE HATZIMICHALIS et al., Appellants.—In an action, *inter alia,* for a permanent injunction enjoining the violation of an easement, Irene Hatzimichalis appeals, (1) as limited by her notice of appeal and brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated May 19, 1986, which, *inter alia,* permanently enjoined her from interfering with the plaintiffs' easement, and directed her to restore the easement to its original condition within 30 days from the date of service upon her of a copy of the order and judgment, with notice of entry, and (2) from an order of the same court, dated October 15, 1986, which, upon the plaintiff's motion to hold Hatzimichalis in contempt, again directed restoration of the easement to its original condition within 30 days after service upon her of a copy of the order with notice of entry, and directed that upon any failure to complete the restoration the plaintiffs were authorized to employ "appropriate parties" to restore the property to its original condition at a reasonable cost to Irene Hatzimichalis; and the defendant Department of Buildings of the City of New York appeals (1) from so much of the order and judgment dated May 19, 1986, as denied its cross motion to dismiss the complaint insofar as it is asserted against it and which directed it to inspect the restoration work upon its completion to assure the court of proper compliance therewith, and (2), as limited by its brief, from so much of the order dated October 15, 1986, as directed it to inspect the restoration work upon its completion.

Ordered that the order and judgment dated May 19, 1986, is

modified, on the law, by (1) deleting the third decretal paragraph thereof which directed Hatzimichalis to restore the easement to its original condition, (2) deleting the fourth decretal paragraph thereof which ordered the defendant Department of Buildings of the City of New York to inspect the restoration work upon its completion, and (3) deleting the fifth decretal paragraph thereof which denied the cross motion of the Department of Buildings for dismissal of the complaint insofar as it is asserted against it and substituting therefor a provision granting the cross motion and severing the action against the remaining defendant; as so modified the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and it is further,

Ordered that the order dated October 15, 1986 is reversed, on the law, without costs or disbursements, and the plaintiffs' motion to hold Hatzimichalis in contempt is denied.

The plaintiffs are the owners of premises at 1074 East Third Street, Brooklyn. The defendant Hatzimichalis is the owner of premises at 1072 East Third Street. The parties' predecessors in title created and established an easement of way over the northerly three feet of the plaintiffs' property and the adjoining southerly four feet of Hatzimichalis' property. The easement and right-of-way were created for "the purposes of a driveway for ingress and egress for private vehicles belonging to the owners of the respective premises".

Hatzimichalis constructed a concrete apron and pad upon her property and allowed vehicles to be parked there so as to block the plaintiffs' ingress and egress over the four feet of Hatzimichalis' property which was subject to the easement. Trial Term properly granted the plaintiffs' application for a permanent injunction enjoining that violation of the easement and right-of-way. Hatzimichalis now concedes in her brief that parking on the easement was in violation of the plaintiffs' right to unobstructed ingress and egress.

The plaintiffs, however, also sought an order directing Hatzimichalis to consent to the issuance of a permit allowing the plaintiffs to construct a curb cut and a seven-foot-wide driveway over the easement. The plaintiffs also requested that the defendant Department of Buildings of the City of New York be ordered to issue the permit. In the alternative the plaintiffs sought an order directing Hatzimichalis to restore the four feet of her concrete pad which was subject to the easement back to its original condition. Trial Term ordered the restoration and also ordered the Department of Buildings to inspect the work after its completion to assure the court of proper

compliance. By an order dated October 15, 1986, the court granted Hatzimichalis an additional 30 days to comply with its order and authorized the plaintiffs to have the work completed at a reasonable cost to Hatzimichalis if she subsequently failed to comply.

"Substantial alterations cannot be made in a right-of-way, in the absence of an agreement to the contrary, if such alterations interfere with the right of the grantee" (2 Warren's Weed, New York Real Property, Easements, ¶ 22.09 [4th ed]). In the instant case we find the record is void of any indication that Hatzimichalis substantially altered the plaintiffs' right-of-way by merely covering with concrete the four feet of easement which encumbered her property. Therefore, Trial Term erred in directing Hatzimichalis to restore the easement to its original condition.

The court also erred in directing the Department of Buildings to supervise the restoration work. It is not the obligation of the Department of Buildings to enforce private easements (see, Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 392; People ex rel. Rosevale Realty Co. v Kleinert, 204 App Div 883, appeal dismissed 236 NY 605).

Finally, we note that any grievance the plaintiffs may have had due to the alleged refusal of the Department of Buildings of the City of New York to issue a permit should have been appealed to the New York City Board of Standards and Appeals. The plaintiffs have failed to exhaust their administrative remedies and accordingly the complaint should be dismissed insofar as it is asserted against the Department of Buildings (see, Meyermac Elmhurst v Esnard, 111 AD2d 789). Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.