■ MELVAIN OLIPHANT et al., Appellants, v MICHAEL J. McCARTHY et al., Respondents, et al., Defendant. [617 NYS2d 555] —Mikoll, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered April 15, 1993 in Broome County, which, inter alia, granted a motion by defendants Michael McCarthy and Catherine McCarthy for summary judgment and made a declaration in their favor.

Plaintiffs brought this RPAPL article 15 action in June 1991 seeking (1) a declaration that they are entitled to a 50-foot-wide easement across an area described as Panorama Drive in a subdivision map filed in 1961 depicting the Stever North Tract Subdivision located in the Town of Chenango, Broome County, (2) to enjoin defendants Michael J. McCarthy and Catherine A. McCarthy* (hereinafter collectively referred to as defendants), purchasers of the property in 1974, from obstructing the 50-foot-wide right-of-way and to compel defendants to regrade the area, (3) to compel defendants to remove a basketball court they constructed in 1991 adjacent to and apparently on the right-of-way used by plaintiffs, as well as piles of trees and dirt from the right-of-way, and (4) damages in the sum of $100,000.

Defendants subsequently moved for summary judgment declaring that plaintiffs are only entitled to the 10-foot-wide right-of-way they have used since 1976. Plaintiffs cross-moved for summary judgment. Supreme Court granted defendants'

---

* The complaint was amended to include defendant Binghamton Savings Bank as a mortgagee of defendants' property.

motion and issued a judgment declaring that plaintiffs are limited to use of the 10-foot-wide right-of-way only.

Panorama Drive never became a public street within the bounds of defendants' property. It was merely a proposed road and insofar as it existed as a public street it ended east of defendants' property. Plaintiffs purchased lot 7 from defendants in 1975. Defendants agreed at closing to give plaintiffs, owners of lot 6 which lies directly south of lot 7, a right-of-way over their property for pedestrian and vehicular traffic to lot 7. In 1976 defendants combined their adjoining lots and built a house thereon; in 1991, they built an open basketball court on the property. The basketball court was blacktopped and a portion of it was located on the right-of-way.

Plaintiffs' contention, that upon their purchase of lot 7, which abuts the proposed Panorama Drive on the subdivision map, there arose an easement by implication entitling them to a 50-foot-wide right-of-way over Panorama Drive as shown on the subdivision map, is without merit. While, generally, when property is conveyed with reference to a subdivision map depicting proposed streets abutting the lot conveyed, easements in the private streets pass to the grantee with the conveyance (see, De Ruscio v Jackson, 164 AD2d 684, 686; Fischer v Liebman, 137 AD2d 485, 487), the rule is not inflexible. An easement by implication will not be created where the intention of the parties at the time of conveyance indicates otherwise (see, De Ruscio v Jackson, supra, at 687). Here, the conveyance negates an easement by implication. It provides for an express right-of-way to plaintiffs for pedestrian and vehicular use from the end of Panorama Drive as a public street (i.e., east of defendants' property), across defendants' land to lot 7. Further, plaintiffs testified at an examination before trial that they relied on the express grant when they purchased lot 7 in October 1975. Thus, the evidence indicates that the parties' express agreement negates an easement by implication.

The express grant, however, does not specify the width of the right-of-way and, in such case, its width is construed to be that which is necessary for the use for which the right-of-way was created (see, Town of Ulster v Massa, 144 AD2d 726, 728, lv denied 75 NY2d 707). In determining the width of the easement, the interpretation placed on the grant by the parties is an important factor (see, Briggs v Di Donna, 176 AD2d 1105, 1106-1108; see also, 49 NY Jur 2d, Easements, § 116, at 218-219). Here, the proof demonstrates that since 1976 plaintiffs have accessed lot 7 only through use of the 10-

foot-wide right-of-way and have never objected to defendants concerning the location or width of the right-of-way, nor have they objected to the existence of the alleged obstructions *(see, 49 NY Jur 2d, Easements, § 116, at 219)*. Plaintiffs also testified that the right-of-way, as used, has been adequate for their needs over the years and that they presently have unobstructed access to lot 7 over the 10-foot-wide right-of-way. Plaintiffs further stated that defendants have never denied plaintiffs access across the right-of-way. This evidence of the parties' construction of the grant supports defendants' claim that the easement is limited to the 10-foot-wide right-of-way.

Contrary to plaintiffs' position, they cannot use the right-of-way to access their later acquired 3.52-acre parcel. Admittedly, they seek a 50-foot-wide right-of-way to increase the marketability of their property and to facilitate access to their 3.52-acre parcel located to the west of and adjacent to lot 7. However, "a right of way granted in connection with one parcel may not be used for the benefit of any land other than that to which it was made appurtenant when it was granted" *(Zeh v Karker, 43 AD2d 881)*.

Plaintiffs' argument that defendants have obstructed the right-of-way, with the exception of the alleged obstruction of the basketball court, fails because these claims are time barred. The claim of an infringement on an easement sounds in trespass and is governed by a three-year Statute of Limitations *(see, Oneida County Mobile Home Sales v Niagara Mohawk Power Corp., 63 AD2d 385, 390, mod on other grounds 47 NY2d 954; see also, CPLR 214 [4])*. The evidence indicates that plaintiffs knew of the alleged obstructions caused by the construction of defendants' house and the regrading of the property designated as the proposed Panorama Drive no later than 1980 and were thereafter limited to using the 10-foot-wide right-of-way. Thus, the three-year period of limitations in which to commence such an action expired well before the commencement of this action. Plaintiffs' claim regarding the basketball court, built in 1991, was not time barred. However, plaintiffs testified that the basketball court does not obstruct their access to lot 7 in any way and defendants do not object to plaintiffs crossing over the blacktop of the basketball court to reach lot 7 *(see, e.g., Vandoros v Hatzimichalis, 131 AD2d 752, 754)*.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ ELIZABETH LAMITIE, as Administratrix of the Estate of