■ PETER CHAROS, Plaintiff, v THOMAS CHAROS, Individually and in the Right of HAYGROUND BUILDERS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. MACALBERT BANK AND Co. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. (Action No. 1.) THOMAS CHAROS, Individually and in the Right of HAYGROUND BUILDERS, INC., Respondent, v MACALPERT BANK AND Co. et al., Appellants, et al., Defendant. (Action No. 2.) [694 NYS2d 702] —In related actions, *inter alia,* to recover damages for fraud and breach of fiduciary duty, the third-party defendants MacAlpert Bank and

Co. and Thomas Hefter in Action No. 1 and the defendants MacAlpert Bank and Co. and Thomas Hefter in Action No. 2 appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated January 26, 1998, as (1) denied their motion to dismiss the third-party complaint in Action No. 1 and the complaint in Action No. 2 based on the failure of Thomas Charos, the defendant third-party plaintiff in Action No. 1 and the plaintiff in Action No. 2, to comply with the pleading requirements of Business Corporation Law § 626 (c), and (2) granted those branches of the cross motion of Thomas Charos, the defendant third-party plaintiff in Action No. 1 and the plaintiff in Action No. 2, which were, in effect, for leave to amend the third-party complaint in Action No. 1 and the complaint in Action No. 2.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof denying those branches of the motion which were to dismiss the third-party complaint in Action No. 1 and the complaint in Action No. 2 insofar as asserted in the right of Hayground Builders, Inc., on the ground that the pleadings fail to conform to the particularity requirements of Business Corporation Law § 626 (c) and substituting therefor a provision granting those branches of the motion, (2) deleting the provision thereof granting those branches of the cross motion which were, in effect, for leave to amend the third-party complaint in Action No. 1 and the complaint in Action No. 2 and substituting therefor a provision denying those branches of the cross motion, and (3) adding a provision thereto granting leave to amend the third-party complaint in Action No. 1 and the complaint in Action No. 2 by pleading that compliance with Business Corporation Law § 626 (c) would be futile; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The third-party complaint in Action No. 1 and the complaint in Action No. 2 both contain brief references to unsuccessful attempts to obtain the consent of other shareholders of Hayground Builders, Inc., to commence these actions in the right of that corporation. We agree with the appellants that these references are insufficiently specific, and do not comply with Business Corporation Law § 626 (c) (*see, Marx v Akers,* 88 NY2d 189).

The proposed amended complaint annexed to the cross motion likewise fails to meet the particularity requirements of Business Corporation Law § 626 (c). However, because the submissions reveal that there are sufficient grounds upon which it could be properly pleaded that compliance with Busi-

ness Corporation Law § 626 (c) would be futile, leave should be granted to the third-party plaintiff in Action No. 1 and the plaintiff in Action No. 2 to amend both the third-party complaint in Action No. 1 and the complaint in Action No. 2 by pleading that compliance with Business Corporation Law § 626 (c) would be futile.

The appellants also argue that the Supreme Court should have dismissed the causes of action asserted by Thomas Charos individually both in the third-party complaint in Action No. 1 and in the complaint in Action No. 2, essentially on the basis that Mr. Charos has no standing to sue as an individual. However, in light of the terms of the stipulation dated September 30, 1997, it is clear that the Supreme Court was asked only to decide the issues relating to Business Corporation Law § 626 (c) at this time. Hence, there was no error in the court's denial of any additional relief at this point. Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.