KOUROSH JAVAHERI, Appellant-Respondent, v OLD CEDAR DEVELOPMENT CORP. et al., Respondents-Appellants, and NOUROLLAH SASSOUNI et al., Respondents. [804 NYS2d 407]—

In an action, inter alia, for a judgment declaring that the plaintiff validly accepted an offer to purchase one share of stock in the defendant Old Cedar Development Corp., the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered July 31, 2003, as granted those branches of the motion of the defendants Old Cedar Development Corp., M. Pierre Rafiy, Harvey R. Manes, Barbara Manes, Nejatolah Sassouni, David Rafiy, and Sandra Rafiy-Layne which were to dismiss the second and fifth causes of action in the complaint pursuant to CPLR 3211 (a) (1), and granted the motion of the defendant Nourollah Sassouni to dismiss the seventh cause of action, and the defendants Old Cedar Development Corp., Harvey Manes and Barbara Manes cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (see 22 NYCRR 670.8 [c] [3]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Nourollah Sassouni to dismiss the seventh cause of action and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without

costs or disbursements, and the seventh cause of action is reinstated.

The Supreme Court properly dismissed the second and fifth causes of action, as the complaint, taken together with the plaintiff's affidavit and his documentary submissions, failed to make out claims for either intentional interference with a contract or the imposition of a constructive trust (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]; *Sharp v Kosmalski,* 40 NY2d 119 [1976]; *Beecher v Feldstein,* 8 AD3d 597 [2004]; *Satler v Merlis,* 252 AD2d 551 [1998]).

The Supreme Court erred, however, in dismissing the seventh cause of action, which was both derivative in nature and sought damages in the plaintiff's individual capacity, and stated cognizable bases for relief as such (*see 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509 [1979]). Although this action was commenced more than six years after the disputed transfer took place, the evidence submitted by the defendant Nourollah Sassouni failed to demonstrate that he should not be equitably estopped from asserting the statute of limitations as a defense (*cf. Simcuski v Saeli,* 44 NY2d 442 [1978]; *Norwalk v J.P. Morgan & Co.,* 268 AD2d 413 [2000]). Moreover, while the complaint did not allege any efforts on the part of the plaintiff to get the Board of Directors (hereinafter the Board) to assert the claims he makes in this derivative action, the allegations that the defendant M. Pierre Rafiy dominated the Board to such a degree that he "reduce[d] it to a mere instrumentality to be used for his own self-interest," that the defendant Nejatolah Sassouni assisted Rafiy in his manipulation of the corporate books and records and in creating false records, and that Rafiy misappropriated corporate funds, were sufficient to excuse the demand as futile and thereby satisfy the statutory requirements (*see* Business Corporation Law § 626 [c]; *Bansbach v Zinn,* 1 NY3d 1, 12 [2003]; *Marx v Akers,* 88 NY2d 189 [1996]; *Barr v Wackman,* 36 NY2d 371, 378-379 [1975]; *Gordon v Elliman,* 306 NY 456, 462 [1954]). CPLR 3016 (b) does not apply to violations of Business Corporation Law § 720 (a) (1), because the prohibitions set forth in that statute are not based on fraud (*see Rapoport v Schneider,* 29 NY2d 396, 400 [1972]; *Menaker v Alstaedter,* 134 AD2d 412 [1987]). Cozier, J.P., Ritter, Spolzino and Lifson, JJ., concur.