■ DAMON R. UZZLE, Appellant, v NUNZIE COURT HOMEOWNERS ASSOCIATION, INC., et al., Defendants, and UNITED GENERAL TITLE INSURANCE COMPANY et al., Respondents. [866 NYS2d 237]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated May 29, 2007, as granted the motion of the defendants United General Title Insurance Company and Newell & Talarico Title Insurance Agency, Inc., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants United General Title Insurance Company and Newell & Talarico Title Insurance Agency, Inc., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them is denied.

The plaintiff retained the defendant John C. DiGiovanna to represent him in a purchase of real property (hereinafter the premises) located along a private road. The contract of sale specified that he would take title to the premises subject to a certain declaration of covenants, restrictions, easements, charges, and liens (hereinafter the declaration).

The plaintiff obtained title insurance from the defendant United General Title Insurance Company through its agent, the defendant Newell & Talarico Title Insurance Agency, Inc. (hereinafter together the respondents). The policy insured the plaintiff against, among other things, "unmarketability of the title" and lack of a right of access to and from the land. However, the policy excepted from coverage loss or damage arising from the declaration.

After the plaintiff closed title on the property, he brought this

action asserting, among other things, that he did not have a legal means of access to his property. The respondents moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

When determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (see CPLR 3026; *Leon v Martinez,* 84 NY2d 83, 87 [1994]), the facts as alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court must determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez,* 84 NY2d at 87-88; *Cayuga Partners v 150 Grand,* 305 AD2d 527 [2003]). "In assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint," and if the court does so, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Leon v Martinez,* 84 NY2d at 88 [internal quotations marks and citations omitted]).

"A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York,* 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.,* 273 AD2d 453 [2000]; see *Leon v Martinez,* 84 NY2d at 88).

Construed liberally, the plaintiff's complaint states a valid cause of action against the respondents to recover damages for breach of contract since the title insurance policy explicitly covers losses arising from a lack of legal access to the premises and the plaintiff has asserted that he has incurred damages due to the fact that he has no legal right to access the premises (see CPLR 3211 [a] [7]; *accord L. Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179, 184 [1981]). Moreover, even though the declaration may be excepted from coverage under the title policy (see *Hess v Baccarat,* 287 AD2d 834, 836-837 [2001]), the respondents did not provide documentary evidence that resolves all factual issues (see generally CPLR 3211 [a] [1]; *Sullivan v State of New York,* 34 AD3d at 445).

Given the limited scope of the plaintiff's notice of appeal, the issue of whether the Supreme Court erred in dismissing the causes of action asserted against the defendant John C. DiGiovanna is not properly before this Court (see CPLR 5515 [1]; *Spencer v Crothall Healthcare, Inc.,* 38 AD3d 527, 528 [2007]; *Yannotti v Four Bros. Homes at Heartland Condominium I,* 24 AD3d 659, 660-661 [2005]).

The parties' remaining contentions either have been rendered academic or are without merit. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur. [*See* 2007 NY Slip Op 31421(U).]