DIANA LEE HU et al., Appellants, v ZIMING SHEN et al., Respondents. [870 NYS2d 373]—

In 1998, the plaintiff Diana Lee Hu and the defendant Ziming Shen entered into a joint venture agreement for the purpose of purchasing property located at 133-32 41st Road in Flushing, Queens (hereinafter the subject property), and renting it to the defendant Red Apple Child Development Center (hereinafter RACDC), a day care center owned by Ziming Shen. RACDC was to pay rent in the base sum of $18,000 per month, and was to pay Hu the additional sum of $6,800 per month. Thereafter, the plaintiff 133-32 41st Road Corp. (hereinafter Road Corp.) was formed, and purchased the subject property. According to the plaintiffs, and documentary evidence in the record, Hu is a 50% shareholder and vice-president of Road Corp., and Ziming Shen and his wife (the defendant Xiao Ping Fan) are each 25% shareholders and the president and secretary, respectively, of Road Corp. In 2000, Road Corp. entered into a lease with the defendant Red Apple Child Center (hereinafter RACC) on rental terms otherwise consistent with the joint venture agreement. The lease provided, inter alia, that the sum of $6,800 to be paid to Hu pursuant to the joint venture agreement was to be paid to nonparty Lee & Hu Corp. (hereinafter LH Corp).

In 2007, Hu and Road Corp. commenced this action alleging, inter alia, that Ziming Shen and Xiao Ping Fan breached their fiduciary duties to Road Corp. and committed a variety of acts of nonfeasance, malfeasance, and fraud, including denying Hu access to the corporate books and records, failing to collect rent on the subject property (which was leased to a business they owned), and executing a mortgage on the subject property without Hu's knowledge or consent and keeping the monies for themselves. Further, they alleged that Ziming Shen and Xiao Ping Fan failed to properly account for corporate income and expenses, engaged in self-dealing, and misappropriated and diverted corporate assets, including a diversion to the defendant Golden Ox Realty, LLC, which they owned. In addition, the plaintiffs alleged that Hu made a personal loan to Ziming Shen and Xiao Ping Fan in the sum of $200,000, which they had failed to fully repay as promised, despite due demand.

The Supreme Court granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211. The court held that the action, in the main, was in the nature of a shareholder's derivative action. However, the court held that the complaint was not properly pleaded as a shareholder's derivative action, and found that the complaint failed to "set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board [of directors] or the reasons for not making such effort" (citing Business Corporation Law § 626 [c]). Thus, the

court held that the derivative causes of action must be dismissed. The court also found that the causes of action personal to Hu should be dismissed, holding that "where, as here, the separate causes of action in the complaint consist of confusing allegations mixing a plaintiff's personal claims with claims that are derivative in nature, dismissal of the causes of action is required." We modify.

The Supreme Court correctly determined that this action, in the main, is in the nature of a shareholder's derivative action, although not expressly pleaded as such (*see Abrams v Donati,* 66 NY2d 951, 953 [1985]; *Elenson v Wax,* 215 AD2d 429 [1995]). Indeed, on appeal, the plaintiffs do not argue otherwise. Rather, they argue, inter alia, that the Supreme Court erred in dismissing the complaint for failure to comply with Business Corporation Law § 626 (c) when the allegations of the complaint reveal that a demand on the board of directors of Road Corp. would have been futile, which is an exception to the requirement that a demand be made (*see Bansbach v Zinn,* 1 NY3d 1, 8-9 [2003]; *Javaheri v Old Cedar Dev. Corp.,* 22 AD3d 804 [2005]; *Charos v Charos,* 264 AD2d 495 [1999]). The allegations of the complaint, as amplified by the various pleadings, are that Ziming Shen and Xiao Ping Fan are directly interested in, and personally benefitting from, the alleged acts of malfeasance and nonfeasance at issue. Thus, the derivative causes of action should not have been dismissed for failure to comply with Business Corporation Law § 626 (c), as the allegations demonstrate that a demand upon them would be futile (*see Bansbach v Zinn,* 1 NY3d at 8-9; *Javaheri v Old Cedar Dev. Corp.,* 22 AD3d at 805), particularly since the defendants did not assert this as a basis for dismissal, and the plaintiffs were not afforded the opportunity to address the issue. Moreover, the derivative causes of action, other than the eighth cause of action, are otherwise sufficiently pleaded to withstand the defendants' motion to dismiss (*see generally Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.,* 55 AD3d 723 [2008]; *Jesmer v Retail Magic, Inc.,* 55 AD3d 171 [2008]). However, the eighth cause of action alleging fraud lacks the particularity required under CPLR 3016 (b) and, therefore, was properly dismissed (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877 [2006]). The caption of the action should be amended to reflect that Hu is suing in a representative capacity as to the derivative causes of action, and to name Road Corp. as a nominal defendant.

Finally, as to the causes of action personal to Hu, the first and fourth are sufficiently pleaded, and the defendants have otherwise demonstrated no basis for the dismissal thereof (*see*

*generally Leon v Martinez,* 84 NY2d at 87; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.,* 55 AD3d 723 [2008]; *Jesmer v Retail Magic, Inc.,* 55 AD3d 171 [2008]). However, so much of the seventh cause of action as was to recover the monthly payments of $6,800 due under the lease to LH Corp. was properly dismissed, as LH Corp. is not a party to this action. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.