■ ADELA ELOW, Respondent, v CHRISTINE SVENNINGSEN, Appellant, et al., Defendant. [873 NYS2d 319]—In an action, inter alia, to permanently enjoin the defendants from obstructing an easement, the defendant Christine Svenningsen appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 12, 2007, as denied those branches of her motion which were pursuant to CPLR 3211 (a) to dismiss the first, second, third, and fifth causes of action of the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference. The court's function on such a motion is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.,* 55 AD3d 723 [2008]; *Cayuga Partners v 150 Grand,* 305 AD2d 527 [2003]).

The complaint, construed liberally, sufficiently pleaded a cause of action to enjoin the obstruction of the plaintiff's easement (*see Sambrook v Sierocki,* 53 AD3d 817 [2008]; *Lucas v Kandis,*

303 AD2d 649 [2003]; *Hoeffner v John F. Frank, Inc.*, 302 AD2d 428 [2003]; *Papasmiris v Katsos*, 262 AD2d 619 [1999]; *Vandoros v Hatzimichalis*, 131 AD2d 752 [1987]; *Rahabi v Morrison*, 81 AD2d 434, 438 [1981]; *Pagano v Kramer*, 25 AD2d 887 [1966], *affd* 21 NY2d 910 [1968]). Moreover, for purposes of a motion pursuant to CPLR 3211 (a) (7), the plaintiff sufficiently pleaded a cause of action for a permanent injunction, as there allegedly was a "violation of a right presently occurring, or threatened and imminent . . . that the plaintiff has no adequate remedy at law . . . that serious and irreparable injury will result if the injunction is not granted; and . . . that the equities are balanced in the plaintiff's favor" (67A NY Jur 2d, Injunctions § 153; *see Town of Liberty Volunteer Ambulance Corp. v Catskill Regional Med. Ctr.*, 30 AD3d 739, 740 [2006]).

A party seeking to dismiss pursuant to CPLR 3211 (a) (1) on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim (*see Leon v Martinez*, 84 NY2d at 88; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 55 AD3d 723 [2008]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]; *Nevin v Laclede Professional Prods.*, 273 AD2d 453 [2000]). The documentary evidence submitted by the appellant in this case failed to resolve all factual issues and did not conclusively dispose of the plaintiff's claim.

The appellant's remaining contentions are without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.