■ GIUNTA'S MEAT FARMS, INC., Respondent, v PINA CONSTRUCTION CORPORATION et al., Defendants, and MARSHALLS OF MA, INC., Appellant. [932 NYS2d 368]—

In its complaint, the plaintiff asserted two causes of action against the defendant Marshalls of MA, Inc. (hereinafter Marshalls), alleging that it was entitled to a judgment declaring that a lease between Marshalls and Pina Construction Corporation (hereinafter Pina) is void since the plaintiff had previously leased the subject real property from Pina during the same term, Marshalls had knowledge of the existence of that prior lease, and that plaintiff was entitled to specific performance of that prior lease.

The Supreme Court properly denied that branch of Marshalls' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the

complaint insofar as asserted against it. "A party seeking to dismiss pursuant to CPLR 3211 (a) (1) on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (*Elow v Svenningsen*, 58 AD3d 674, 675 [2009]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). The documentary evidence submitted by Marshalls, including various leases and agreements, failed to resolve all factual issues as a matter of law. Contrary to its contention, those documents did not establish that Marshalls was a bona fide lessee of the subject real property.

Additionally, the Supreme Court properly denied that branch of Marshalls' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to state a cause of action. When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Foley v D'Agostino*, 21 AD2d 60, 64-65 [1964]). In considering such a motion, the court must " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d at 87-88). Here, the complaint adequately pleaded causes of action for a judgment declaring that the lease between Marshalls and Pina is void on the ground that there was a prior lease between Pina and the plaintiff, referable to the same leasehold, of which Marshalls was aware, and for the specific performance of that prior lease. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.