Canal Rubber Supply Co. Inc. v 6 Greene Realty Owner, LLC (2022 NY Slip Op 01235)





Canal Rubber Supply Co. Inc. v 6 Greene Realty Owner, LLC


2022 NY Slip Op 01235


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 162429/19 Appeal No. 15390-15391 Case No. 2021-03742, 2021-02685 

[*1]Canal Rubber Supply Co. Inc., Plaintiff-Appellant,
v
6 Greene Realty Owner, LLC, Defendant-Respondent.


Zingman & Associates PLLC, New York (Mitchell S. Zingman of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Michael A. Pensabene of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about September 30, 2021, which granted defendant landlord's motion to dismiss plaintiff tenant's second, sixth, and seventh causes of action, unanimously modified, on the law, to deny the motion as to the sixth cause of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 11, 2020, which denied plaintiff's motion for a preliminary injunction, unanimously dismissed, without costs, as moot.
The complaint fails to state a cause of action for a permanent injunction requiring defendant to provide plaintiff either with a key enabling it to gain access to the building's elevator from the street or a key to the building's Greene Street entrance (see Elow v Svenningsen, 58 AD3d 674, 675 [2d Dept 2009]). The allegations concerning the terms of the lease and the historic custom and practice at the building with respect to elevator and door access do not establish that there has been a violation of plaintiff's rights, whether based on an express lease term or as an implied term based on the creation of an appurtenance to the lease.
However, the complaint states a cause of action for a permanent injunction requiring defendant to reconnect the auxiliary heat blower or to replace it with a comparable electrical unit. It cannot be concluded as a matter of law from the record or otherwise that this auxiliary heating unit, which provided supplemental heat to the premises for many years, is an inessential item, rather than an appurtenance to the lease necessary to plaintiff's beneficial use of the premises (see Second on Second CafÉ, Inc. v Hing Sing Trading, Inc., 66 AD3d 255 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022