Rigwan v Neus (2022 NY Slip Op 03412)





Rigwan v Neus


2022 NY Slip Op 03412


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2019-07711
 (Index No. 6021/17)

[*1]Ilana Rigwan, appellant, 
v
Jordan Neus, respondent. Ilana Rigan, Miami, Florida, appellant pro se.


Feldman and Feldman, Manhasset, NY (Arza Feldman and Steven Feldman of counsel), for respondent.



DECISION & ORDER
In an action to annul a marriage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated April 5, 2019. The order denied the plaintiff's motion, inter alia, in effect, to vacate an order of the same court dated January 22, 2018, granting the defendant's motion to change venue from New York County to Suffolk County, and granted the defendant's cross motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and for an award of attorney's fees.
ORDERED that the order dated April 5, 2019, is affirmed, with costs.
The parties to this action were divorced by a judgment of divorce of the Supreme Court, Suffolk County, entered August 29, 2003. On October 5, 2017, the plaintiff commenced this action for an annulment in New York County by summons with notice. In an order dated January 22, 2018, the Supreme Court granted the defendant's unopposed motion to change venue of this action from New York County to Suffolk County. The plaintiff moved, inter alia, in effect, to vacate the January 22, 2018 order. The defendant cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and for an award of attorney's fees. In the order appealed from, the court denied the plaintiff's motion and granted the defendant's cross motion. We affirm.
The Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the January 22, 2018 order. A party seeking to vacate an order entered upon its default must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Velasquez v Mosdos Meharam Brisk of Tashnad, 189 AD3d 1655). Here, the plaintiff failed to demonstrate either a reasonable excuse for her default in opposing the defendant's motion or a potentially meritorious opposition to the motion (see Gross v Lebel, 199 AD3d 780).
The Supreme Court also properly granted that branch of the defendant's cross motion which was to dismiss the complaint. In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference" (Elow v Svenningsen, 58 AD3d 674, 674). The "sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest [*2]any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 655, 656). A party seeking dismissal pursuant to CPLR 3211(a)(1) "on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (Elow v Svenningsen, 58 AD3d at 675; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d at 656). Applying these principles to the case at bar, the court properly directed dismissal of the complaint. Since the parties are already divorced, the plaintiff does not have a cognizable cause of action to annul the marriage (see Statter v Statter, 2 NY2d 668, 674-675; Romeo v Romeo, 39 AD2d 559, 559-560).
Finally, the Supreme Court did not improvidently exercise its discretion in awarding the defendant $2,500 in attorney's fees incurred in opposing the plaintiff's motion and in cross-moving to dismiss the compliant, upon the court's finding that the action and the plaintiff's motion were frivolous (see 22 NYCRR 130-1.1; Bihn v Connelly, 162 AD3d 626, 626).
The plaintiff's remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court