Vaduz v 11 E. 73rd St. Corp. (2024 NY Slip Op 00942)

Vaduz v 11 E. 73rd St. Corp.

2024 NY Slip Op 00942

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 655017/22 Appeal No. 1729-1729A Case No. 2023-03710 

[*1]Filicia Anstalt Vaduz etc., Plaintiff-Respondent,
v
11 East 73rd Street Corporation, Defendant-Appellant. [And a Third-Party Action]

Rankin Savidge, PLLC, Mineola (Carolyn Rankin of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiarsky of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 16, 2023, which granted defendant's motion for leave to reargue plaintiff's motion for summary judgment and, upon reargument, adhered to its original determination to the extent that it granted plaintiff summary judgment on the first claim for injunctive relief, unanimously modified, on the law, to grant the motion on the first claim as to liability only, to remand the matter for further proceedings consistent with this order, and otherwise affirmed, without costs, and all stays lifted. Appeal from order, same court and Justice, entered July 13, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the first, fourth, fifth, and sixth claims for an injunction, negligence, trespass, and nuisance, unanimously dismissed, without costs, as academic.
The motion court properly granted plaintiff's motion for an injunction as to liability, requiring defendant to remove encroachments and repair the party wall between the parties' properties. With regard to defendant's arguments that the party wall is not actually damaged or that it is not responsible for any damage, we find those factual assertions waived, as defendant failed to raise these arguments before the motion court (see e.g. Life Sourcing Co., Ltd. v Shoez, Inc., 179 AD3d 439 [1st Dept 2020]).
Even if we were to consider the foregoing, we would find that plaintiff established its first cause of action for an injunction as a matter of law (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; see also Elow v Svenningsen, 58 AD3d 674, 675 [2d Dept 2009]). Contrary to defendant's contention, there is no factual question as to whether defendant is responsible for the deterioration of the party wall by allowing ivy and vines from its garden to damage the bricks and grout. Nor can defendant dispute that it continues to be bound by the 1959 Supreme Court order in an action brought by plaintiff's predecessor against defendant, in which the court determined that the wall was a party wall and neither party may interfere with the other's use and enjoyment (5 E. 73rd, Inc. v 11 E. 73rd St. Corp., 16 Misc 2d 49, 52 [Sup Ct, NY County 1959], affd 13 AD2d 764 [1st Dept 1961]).
In the order granting reargument, the motion court extended defendant's deadline to remove the encroachments and repair the party wall to March 30, 2024, after defendant failed to meet the court's earlier deadlines. In view of the previously issued stays, which are now lifted, we modify the reargument order to grant summary judgment on the claim for an injunction as to liability only, and remand the matter to set new deadlines for the completion of defendant's established obligations.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: February 22, 2024