Holman v St. John's Episcopal Hosp. (2025 NY Slip Op 04884)

Holman v St. John's Episcopal Hosp.

2025 NY Slip Op 04884

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-01618
 (Index No. 711252/20)

[*1]Anita Holman, appellant, 
v
St. John's Episcopal Hospital, respondent, et al., defendants.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellant.
Bond, Schoeneck & King, PLLC, New York, NY (Rebecca K. Kimura of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a resettled order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 16, 2022. The resettled order, insofar as appealed from, granted those branches of the motion of the defendant St. John's Episcopal Hospital which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and unjust enrichment asserted against it and the causes of action alleging unlawful retaliation, fraudulent inducement, and promissory estoppel insofar as asserted against it.
ORDERED that on the Court's own motion, the notice of appeal from an order entered February 3, 2022, is deemed to be a premature notice of appeal from the resettled order (see CPLR 5520[c]); and it is further,
ORDERED that the resettled order is affirmed insofar as appealed from, with costs.
In February 2016, the plaintiff was hired by the defendant St. John's Episcopal Hospital (hereinafter the hospital) as an attending physician and residency program director of the obstetrics and gynecology (hereinafter OB/GYN) department pursuant to an employment contract. The employment contract provided that the responsibilities and duties listed in the contract were "not to be construed as an exhaustive list of all responsibilities and duties of the Physician." The plaintiff alleged that the defendant Dr. Morrish, the Chair of OB/GYN at the hospital and her supervisor, promised her that she would be promoted to the Chair of the OB/GYN department and that she took on additional duties in reliance on that promise without pay. Thereafter, the plaintiff allegedly was offered the Chair position, but she made a counteroffer to the hospital, which the hospital rejected, and the hospital rescinded its offer. The plaintiff resigned from the hospital in March 2019.
In July 2020, the plaintiff commenced this action against the hospital, among others, asserting causes of action, inter alia, alleging breach of contract, unlawful retaliation, unjust enrichment, fraudulent inducement, and promissory estoppel. The hospital moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and unjust enrichment asserted against it and the causes of action alleging unlawful retaliation, fraudulent inducement, and promissory estoppel insofar as asserted against it. In a resettled order entered [*2]December 16, 2022, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), 'the complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference'" (Rigwan v Neus, 205 AD3d 1062, 1063, quoting Elow v Svenningsen, 58 AD3d 674, 674; see New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 800-801). "The 'sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail'" (Rigwan v Neus, 205 AD3d at 1063, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). However, "'allegations consisting of bare legal conclusions . . . are not entitled to any such consideration'" (Abbas v Richmond Univ. Med. Ctr., 229 AD3d 743, 744, quoting Simkin v Blank, 19 NY3d 46, 52; see Mackey v Lawrence Union Free Sch. Dist., 225 AD3d 683, 685). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Barbetta v NBCUniversal Media, LLC, 227 AD3d 763, 765-766, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Kefalas v Pappas, 226 AD3d 757, 759).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854 [internal quotation marks omitted], quoting Ripa v Petrosyants, 203 AD3d 768, 769-770). "'[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached'" (NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061, quoting Barker v Time Warner Cable, Inc., 83 AD3d 750, 751; see 1470 39th St., LLC v Goldberg, 226 AD3d at 854; Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960). Here, the amended complaint failed to specify the provision of the employment contract that was allegedly breached, as no provision was identified that would permit the plaintiff to demand payment for performing additional duties. The employment contract provided that the responsibilities and duties listed in the contract were "not to be construed as an exhaustive list of all responsibilities and duties of the Physician." Accordingly, the Supreme Court properly granted that branch of the hospital's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of contract against it (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960; NFA Group v Lotus Research, Inc., 180 AD3d at 1061).
"Unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1295 [internal quotation marks omitted]; see Canas v Oshiro, 221 AD3d 650, 651; Nasca v Greene, 216 AD3d 648, 650). "'To recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered'" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d at 1295, quoting Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 275). "'[T]he essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (id. [internal quotation marks omitted]). Here, the amended complaint failed to sufficiently allege that the hospital was unjustly enriched at the plaintiff's expense when she voluntarily took on additional duties, as the list of responsibilities and duties in the employment contract was not exhaustive. Accordingly, the Supreme Court properly granted that branch of the hospital's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging unjust enrichment against it (see Nasca v Greene, 216 AD3d at 650; GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570).
"'To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury'" (Louie's Seafood Rest., LLC v Brown, [*3]199 AD3d 790, 793 [internal quotation marks omitted], quoting Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273; see Ikezi v 82nd St. Academics, 221 AD3d 986, 988). "Pursuant to CPLR 3016(b), where the cause of action is grounded in misrepresentation or fraud, the circumstances constituting the wrong shall be stated in detail" (651 Bay St., LLC v Discenza, 189 AD3d 952, 954; see Air-Sea Packing Group, Inc. v Applied Underwriters, Inc., 228 AD3d 20, 34). Here, the plaintiff failed to allege with specificity that the hospital made a knowing misrepresentation of a material present fact (see CPLR 3016[b]; Ikezi v 82nd St. Academics, 221 AD3d at 988; Louie's Seafood Rest., LLC v Brown, 199 AD3d at 793). Accordingly, the plaintiff failed to adequately plead a cause of action alleging fraudulent inducement against the hospital, and the Supreme Court properly granted that branch of the hospital's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraudulent inducement insofar as asserted against it.
Since the amended complaint did not allege that the plaintiff would suffer an unconscionable injury, the plaintiff failed to state a cause of action alleging promissory estoppel against the hospital (see Del Vecchio v Gangi, 225 AD3d 666, 671; Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc., 175 AD3d 636, 638). Accordingly, the Supreme Court properly granted that branch of the hospital's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging promissory estoppel insofar as asserted against it.
The plaintiff also failed to adequately plead a cause of action alleging unlawful retaliation (see Matter of Local 621, S.E.I.U. v New York City Fire Dept., 230 AD3d 1146, 1148). Accordingly, the Supreme Court properly granted that branch of the hospital's motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging unlawful retaliation insofar as asserted against it.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court